J-S03014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS TYRONE THOMAS, JR. | : | |
| | : | |
| Appellant | : | No. 2161 EDA 2022 |

Appeal FROM the PCRA Order Entered July 20, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002351-2010,
CP-15-CR-0004682-2010

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED MARCH 21, 2023**

Curtis Tyrone Thomas, Jr. appeals *pro se* from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

By way of background, Appellant entered a negotiated guilty plea at two related docket numbers on February 23, 2011. At docket number 2351 of 2010, he pled guilty to one count of possessing an instrument of crime ("PIC") and was sentenced to five years of probation ("PIC Docket"). At docket number 4682 of 2010, Appellant pled guilty to one count of robbery and one count of conspiracy to commit robbery and was sentenced, respectively, to three to ten years of incarceration and ten years of probation ("Robbery Docket"). All terms were set to run consecutively, for a total sentence of three to ten years of incarceration followed by fifteen years of probation. Appellant

J-S03014-23

did not file post-sentence motions or a direct appeal to this Court in either case.

With respect to the Robbery Docket, Appellant timely filed his first PCRA petition *pro se* in October 2011, asserting that the victim did not identify him as the robber at the preliminary hearing and that he was innocent. Counsel was appointed and filed a petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After filing Rule 907 notice, the PCRA court dismissed Appellant's petition without a hearing and granted counsel's petition to withdraw. Appellant did not seek relief in this Court.[1]

_____

[1] Chronologically, the next pertinent entries pertain to a probation/parole violation. From what we can glean, Appellant's probationary term at each docket was revoked and reinstated on June 12, 2017, as a result of a violation. No post-sentence relief was sought and Appellant does not now challenge the violation proceedings or sentence. The certified record contains minimal detail surrounding these proceedings, but it is nonetheless clear that in 2017, Appellant had not yet commenced the probationary tail of his sentence.

Pursuant to ***Commonwealth v. Simmons***, 262 A.3d 512 (Pa.Super. 2021) (*en banc*), Appellant was not required to comply with the conditions of probation before he began serving the probationary terms. Therefore, his noncompliance did not permit the anticipatory revocation of his orders of probation. Ordinarily, the resulting illegal sentence would obligate us to *sua sponte* vacate the revocation sentence and remand for reinstatement of the original probation sentence. ***See Commonwealth v. Conley***, 286 A.3d 313, 318 (Pa.Super. 2022) (holding that "because [Conley] had not yet begun serving his consecutive terms of probation at the time he violated the conditions of his [county intermediate punishment], he was not yet required to comply with the conditions of his consecutive terms of probation [and] . . . we are constrained to vacate the July 15, 2021 judgment of sentence and remand for the trial court to reinstate the original . . . orders imposing consecutive terms of probation"). However, as discussed *infra*, Appellant's
*(Footnote Continued Next Page)*

- 2 -

As to the PIC Docket, Appellant *pro se* filed his first PCRA petition in October 2020. Although he only listed the PIC Docket on the *pro se* form and the proceedings unfolded solely on that docket, the underlying claim related to both dockets. Specifically, Appellant argued that his original sentence was illegal because his PIC and conspiracy convictions should have merged with his robbery conviction for sentencing. The PCRA court appointed counsel, who filed a ***Turner***/***Finley*** letter based on Appellant's petition being untimely filed without any applicable exception. After providing notice of its intent to dismiss the petition without a hearing because it was untimely, the PCRA court dismissed the petition and granted counsel's request to withdraw. As before, Appellant did not seek relief in this Court.

Instead, on January 20, 2022, Appellant *pro se* filed the PCRA petition that is the subject of this appeal. Again, Appellant filed the petition only at the PIC Docket, despite raising the same challenge to the legality of his original sentence at both dockets and adding a claim that prior counsel was

_____

PCRA petition that forms the basis of this appeal was untimely filed. Accordingly, this Court lacks jurisdiction to address even glaring illegality issues. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (citation omitted)). With all that being said, we observe that the revocation court, by reinstating the original probationary terms, imposed the remedy that we would have ordered on remand. Thus, Appellant's revocation sentence does not run afoul of either the spirit or, ultimately, the letter of the ***Simmons*** holding as he was not sentenced anew following the anticipatory probation violations, but instead only had his original probationary terms reinstated.

ineffective for failing to raise the issue in the trial court or on direct appeal. The PCRA court again issued Rule 907 notice because the petition was untimely, but this time directed the clerk of courts to docket the petition at both the PIC Docket and the Robbery Docket. As a result, the matter has thereafter proceeded at both dockets. Appellant filed two responses, arguing the merits of the underlying claims, and the PCRA court dismissed his petition.

Appellant timely filed a single notice of appeal from the order dismissing his petition at both docket numbers, in apparent violation of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) and Pa.R.A.P. 341. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issues for our consideration:

1) Did the lower court err when it failed to grant relief where [Appellant] was sentenced to an illegal sentence?

2) Did the lower court err when it failed to grant relief where [Appellant's] charges of robbery, crim[inal] conspiracy and possessing instrument of a crime should have merged but didn't, resulting in an illegal sentence?

3) Was [Appellant's] petition for PCRA timely filed under one or more of the exceptions listed under 42 Pa.C.S. § 9545(b)?

4) Did the trial court err in [its] failure to articulate sufficient reason in support of the sentence?

5) Was [Appellant's] counsel ineffective in raising this issue at sentencing or direct appeal and did not inform [Appellant] of legality of sentence thus hindering any due diligence in appeal matters?

Appellant's brief at 2 (capitalization altered). At the outset, we must overcome two procedural hurdles before we may reach the merits of Appellant's issues.

First, because of the apparent *Walker* violation, this Court issued an order directing Appellant to show cause as to why the appeal should not be quashed. Appellant responded that there was a breakdown in the court system. This Court discharged the show-cause order and referred the matter to the instant merits panel. The Note to Rule 341 and the holding in *Walker* "require a bright-line rule that where one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." *Commonwealth v. Larkin*, 235 A.3d 350, 352 (Pa.Super. 2020) (*en banc*) (cleaned up). However, this Court "may overlook the requirements of *Walker* where. . . a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." *Id*. at 354. Here, the PCRA court's dismissal order advised Appellant that "he ha[d] thirty days from the date of this order **to file an appeal**[.]" Order, 7/20/22 (emphasis added, cleaned up). Accordingly, we agree with Appellant that the PCRA court misadvised him that he only needed to file one notice of appeal from the order dismissing his PCRA petition as to both dockets. Finding that there was a breakdown with respect to this issue, we decline to quash.

Proceeding over that first impediment, we next must determine whether Appellant's petition was timely filed, as neither this Court nor the PCRA court has jurisdiction to consider an untimely PCRA petition. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). All PCRA petitions, including second or subsequent petitions, must be filed within one year of the

date that the underlying judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). The PCRA statute provides that "a judgment becomes final at the conclusion of direct review, . . . or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Instantly, Appellant challenges the original February 23, 2011 judgment of sentence, which became final on both dockets on March 25, 2011, or thirty days after the time for filing a direct appeal in this Court expired. *See* Pa.R.A.P. 903. Thus, to be timely, any PCRA petition had to be filed within one year, or by March 26, 2012.[2] The instant petition, filed in 2022, was patently untimely. Therefore, Appellant had the burden to plead and prove one of the enumerated exceptions to the PCRA's time-bar before the PCRA court could consider the merits of any of his claims. In this respect, the PCRA statute provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[2] Since the thirtieth day fell on a Sunday, we utilize the next business day for computation purposes. *See* 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, . . . [and w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In the case *sub judice*, Appellant failed to invoke any of the timeliness exceptions in his *pro se* petition. In subsequent correspondence, he claimed that counsel's ineffectiveness prevented him from timely filing a PCRA petition and that his subsequent learning of the alleged illegality of his sentence constituted a newly-discovered fact. **See** Response 2/4/22 ("I did not know about the consecutive sentencing . . . until I maxed out my parole in 2020, thus hindering any effort to discover that I was illegally sentenced."); Response 7/15/22 ("By my counsel being law intelligent and still not informing me of the illegal sentence, that in itself is ineffective assistance of counsel thus hindering my appeal process and/or discovery of the case law that led me here."); Notice of Appeal, 8/12/22 (asserting the newly-discovered facts exception and arguing that counsel did not inform him at the time of sentence of the legality of the sentence and "counsel was ineffective in assisting [him] in the knowledge of the legality of the sentence"); Rule 1925(b) Statement,

9/2/22 (claiming counsel "did not inform defendant of the legality of the sentence thus hindering due diligence and discovery of this issue"). On appeal, Appellant does not address the timeliness of his PCRA petition, instead solely arguing the merits of his merger claim.

With respect to the newly-discovered facts exception, a petitioner must plead and prove that:

> (1) the **facts** upon which the claim is predicated were **unknown** and (2) could not have been ascertained by the exercise of **due diligence**. Due diligence requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief, but does not require perfect vigilance or punctilious care.

*Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (cleaned up, emphasis in original). The PCRA statute "clearly and unambiguously requires any petition filed pursuant thereto to 'be filed within one year of the date the judgment becomes final, unless **the petition** alleges and the petitioner proves' one of the three exceptions quoted above. 42 Pa.C.S. § 9545(b)(1)[.]" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa.Super. 2007) (cleaned up, emphasis in original). In other words, it is solely to the petition that a PCRA court looks to determine if a petitioner has pled and proved an exception to the PCRA's time bar. *See id*. (affirming dismissal of Derrickson's PCRA petition as untimely where he failed to allege an exception in his petition, alleged an exception for the first time in response to the court's notice of intent to dismiss, and did not seek leave to amend his petition to include an allegation that one of the exceptions applied).

Herein, Appellant failed to plead, much less prove, an exception in his petition. However, even if we were to consider the totality of his correspondence following the filing of the instant PCRA petition, we would still conclude that he failed to plead or prove an applicable exception. It is well-settled that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Insofar as Appellant claims that his discovery of case law renders his untimely petition timely, "[o]ur Supreme Court has held that subsequent decisional law does not amount to a new fact under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa.Super. 2012) (cleaned up).

Finally, Appellant signed the guilty plea colloquy, which set forth the negotiated, consecutive sentencing scheme detailed hereinabove. ***See*** Guilty Plea Colloquy, 2/23/11, at 3-4. Moreover, he was present in open court when the court explained the negotiated sentencing agreement and sentenced him accordingly. ***See*** N.T., 2/23/11, at 17 ("After the ten year parole period is up, son, then you're under my supervision for 15 years."), 19 (imposing "ten years of probation consecutive to the parole period on count one robbery" and "five years of probation consecutive to the probation imposed on count seven, the conspiracy count[,]" for "a cumulative sentence of three to ten years in prison followed by 15 years of probation"). While the legal import of those statements may not have impressed upon Appellant at that time, the fact of

his negotiated, consecutive sentences was unequivocally known to Appellant at the time he entered his plea. *See Commonwealth v. Marshall*, 947 A.2d 714, 721–22 (Pa. 2008) ("[T]he newly-discovered facts exception is **not** focused on newly discovered or newly willing sources for 'facts' that were already known." (emphasis in original)). Therefore, neither his recent realization of the consecutive nature of his probation sentences nor his reading of the guilty plea transcript can constitute newly-discovered facts.

Based on the foregoing, Appellant has failed to plead and prove an exception to the PCRA's time-bar. Accordingly, the PCRA court did not err in dismissing his PCRA petition as untimely filed. Therefore, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023

- 10 -